# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 27, 2000 Session

## STATE OF TENNESSEE v. SUSAN RENEE WHITED

**Appeal as of Right from the Criminal Court for McMinn County**
**No. 92-667, 92-669, 92-671, 92-673, 92-675, 92-677     R. Steven Bebb, Judge**

---

**No. E1999-00493-CCA-R3-CD**
**June 1, 2001**

---

The Defendant pled guilty to eight counts of theft in Bradley and McMinn Counties. Pursuant to a plea agreement, the Defendant agreed to serve a total of seventeen years in prison and pay restitution in the aggregate amount of $212,284.00. Although the record is silent on the matter, the Defendant was apparently granted parole in 1997 and released. Although not apparent from the record, statements of counsel indicate that the Board of Parolees ordered the Defendant to pay $50.00 per month toward her restitution upon release. On July 30, 1999, the District Attorney General filed an application for garnishment in both counties in order to satisfy the restitution. The trial court temporarily stayed the garnishments pending briefing by both parties, but ultimately issued an order removing the stays in both counties on October 4, 1999. The Defendant appeals that order here. After a careful review of the record, we find that (1) the Defendant has failed to provide an adequate record for our review, (2) Rule 3 of the Tennessee Rule of Appellate Procedure does not authorize an appeal as of right from an order removing a stay of garnishment, and, (3) the court is without jurisdiction to consider the Defendant's claim that her sentence of restitution was void. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and JAMES CURWOOD WITT, JR., J., joined.

Jerred A. Creasy, Charlotte, Tennessee, for appellant, Susan Whited.

Paul G. Summer, Attorney General & Reporter; Albert L. Partee, III, Assistant Attorney General; Jerry N. Estes, District Attorney General, for appellee, State of Tennessee.

# OPINION

## Order of Execution/Garnishment

The defendant argues that the trial court was without authority to garnish the Defendant's wages. However, we find that this argument fails for two reasons. First, the Defendant has not provided a sufficient record on appeal. There is simply no evidence, other than arguments of the Defendant, that the parole board imposed a restitution schedule as a condition of parole. If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. See Tenn. R. App. P. 24(b).

Even if the record were complete, however, a garnishment order from the trial court is not the proper subject for an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3 provides, in relevant part,

> (a) Availability of Appeal as of Right in Civil Actions. In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.
> (b) Availability of Appeal as of Right by Defendant in Criminal Actions. In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of the sentence and there was no plea agreement concerning the

sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3. Because an order of garnishment is not a "final judgment" and does not fall into any of the other categories listed above, we find this issue is without merit.


## Legality of Sentence

The Defendant also claims that the original sentence upon which the garnishment was based was illegal. Although the Defendant has alleged a sentencing infirmity that was couched in terms of the trial court's *jurisdiction* to impose restitution as a part of a sentence of confinement, i.e., that the sentence was void, a claim that on its face would have been cognizable in a proceeding for a writ of *habeas corpus*, the Defendant neither presented a petition for *habeas corpus* relief to the trial court, nor did her motion attacking the garnishment meet the statutory requirements for *habeas corpus* proceedings. See Jerry L. Cox v. State, No. E2000-02044-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Knoxville, Apr. 17, 2001). This court has held

> Generally, trial court orders denying motions to correct sentences are not appealable as of right . . . . The same holds true when a claimant raises *habeas corpus* issues but proceeds in the trial court in a manner that does not meet the reuirements for a *habeas corpus* proceeding. . . . In the latter situation, the use of a nonconforming form of action deprives the claimant of a rightful appeal [, as in the case of an appeal of the denial of a *habeas corpus* petition].

Id., slip op. at 5-6. Thus, this court lacks jurisdiction to consider the Defendant's appeal and the appeal is therefore DISMISSED.

_____
JERRY L. SMITH